Charles Margett, J.
This is an action to recover an unpaid balance of $3,176.96 on a promissory note dated August 7, 1964, executed by defendants McLeish to the order of third-party defendant E.S.A.I., Inc. The note was indorsed over to Chase Manhattan Bank (Chase), and delivered to it together with an underlying retail installment contract.
The sole issue is whether defendants, by executing a so-called ‘ ‘ completion certificate ’ ’ which ultimately was delivered to Chase, are thereby barred from urging any defenses which they might have asserted against the payee.
There is no dispute as to the essential facts. The contract (on a printed form apparently furnished by Chase) provided that E.S.A.I. was to do certain construction work for a cash price of $2,700. Payments were to be made on an installment basis commencing September 18, 1964 ‘ ‘ for the account of seller or said bank’s own account as assignee hereof.” Defendants agreed to sign a completion certificate after performance of the services. They acknowledged notice of “ intended assignment ” of the contract to Chase and bound themselves, in such event, “not [to] set up any claim against the seller for a defense, counterclaim, set off or otherwise to any action for payment brought by said assignee * * * except as otherwise provided in Section 403 [of the Personal Property Law].”
Defendants signed the contract on July 17, 1964, and it was assigned by E.S.A.I. to Chase on August 3, 1964. Prior to such assignment, on July 24, 1964, Chase notified defendants that their application for a $2,700 “Title I Home Improvement Loan ” had been approved and that the loan would be made directly to E.S.A.I. “ when all necessary documents, including a certificate indicating the work has been completed, are *1011 received in proper order, but not earlier than six days from this date.”
On August 3, 1964, defendants signed the completion certificate wherein they warranted “ that all articles and materials have been furnished and installed and the work satisfactorily completed on premises indicated in [their] credit application.” In bold print, this certificate contained cautionary language warning the buyer not to sign ‘1 until the dealer has completed THE WORK and/or DELIVERED THE, MATERIAL IN ACCORDANCE WITH THE TERMS OE [THEIR] CONTRACT OR SALES AGREEMENT.”
Chase received the completion certificate sometime prior to August 7, 1964, the date of the promissory note. The note bore the legend that it was issued “ pursuant to a Retail Instalment Obligation made between the above payee [E.S.A.I.] and maker hereof [the defendants] ” and provided that there was to be no recourse against E.S.A.I. unless it failed to complete the required services. The note also contained a legend similar to that in the completion certificate advising against signing “ until the work is eullt completed.” E.S.A.I. delivered the note to Chase on August 7, 1964, and received the contract price from Chase.
Thereafter, Chase notified defendants of the assignment in accordance with the provisions of section 403 of the Personal Property Law, and within 10 days of such notification, defendants advised Chase, in writing, that ‘ ‘ the work was far from completed.” Defendants paid one installment under the contract and then refused to make any further payments.
The court below denied Chase’s motion for summary judgment on the ground that it had been timely notified by defendants, in writing, of the defects in the performance of the contract by E.S.A.I.
It has been held that a party to whom a promissory note is negotiated, under circumstances similar to those here, may rely upon the maker’s completion certificate, the rationale being that the maker is conclusively bound thereby (County Trust Co. v. Berish, 4 A D 2d 777; Tarrytown Nat. Bank & Trust Co. v. Nerealty Co., 268 App. Div. 913). In the County Trust case (supra), the Appellate Division (2d Dept.) reaffirmed a prior holding that one who executes a completion certificate in favor of a bank is precluded from raising the defense that the work was not actually completed — even where the bank is not a holder in due course.
Except for the possible impact of article 10 of the Per sou al Property Law (Retail Instalment Sales Act), which became effective after the County Trust decision was handed down *1012 (L. 1957, ch. 599, § 1, eff. Oct. 1, 1957), it is quite clear that the holding therein would require a like conclusion here, namely, that the defendants are precluded from asserting their defense as against Chase. For the reasons that follow, I am of the view that article 10 does not overrule the County Trust case. Section 403 thereof, entitled “ Restrictions on retail instalment contracts and obligations,” provides in part: “3. No contract or obligation shall contain any provision by which:
“ (a) The buyer agrees not to assert against an assignee a claim or defense arising out of the sale, but it may contain such a provision as to an assignee who acquires the contract, obligation or obligation together with any related note in good faith and for value and to whom the buyer has not mailed written notice of the facts giving rise to the claim or defense within ten days after such assignee mails to the buyer, at his address shown on the contract or obligation, notice of the assignment, indicating or containing in the notice or in an enclosure with the notice: the name and address of the assignee, the names of the seller and the buyer and a description of the services and goods which are the subject matter of the contract (including the make and model, if any, in the case of goods customarily sold by make and model), the time balance of the contract, the number and amount of instalments in which the time balance is payable and the due date or period thereof, together with the following legend printed or written in a size equal to at least eight point bold type:
“NOTICE:
“1. IF THE WITHIN STATEMENT OF TOUR TRANSACTION WITH THE SELLER IS NOT CORRECT IN EVERT RESPECT; OR
“ 2, IF THE VEHICLE OR GOODS DESCRIBED IN OR IN AN ENCLOSURE WITH THIS NOTICE HAVE NOT BEEN DELIVERED TO TOU BT THE SELLER OR ARE NOT NOW IN TOUR POSSESSION; OR
“3. IF THE SELLER HAS NOT FULLT PERFORMED ALL HIS AGREEMENTS WITH TOU; TOU MUST NOTIFT THE ASSIGNEE IN WRITING AT THE ADDRESS INDICATED IN OR IN AN ENCLOSURE WITH THIS NOTICE WITHIN TEN DATS FROM THE DATE OF THE MAILING OF THIS NOTICE; OTHERWISE TOU WILL HAVE NO RIGHT TO ASSERT AGAINST THE ASSIGNEE ANT RIGHT OF ACTION OR DEFENSE ARISING OUT OF THE SALE WHICH TOU MIGHT OTHERWISE HAVE AGAINST THE SELLER.”
*1013 It is apparent from the foregoing provisions that the Legislature intended that there shall be no cutoff against an assignee of the defense of failure of consideration, unless a notice is given and the buyer fails to notify the assignee in writing within 10 days from the date of the mailing of such notice that the seller has not fully performed his agreement. This provision does not provide the buyer with any additional defenses nor does it take away any rights or remedies otherwise afforded to an assignee or holder in due course.
In my opinion, County Trust mandates the conclusion that the execution of a completion certificate, coupled with reliance thereon, constitutes a species of estoppel against the maker of a note. While section 403 permits the maker to assert defenses under certain conditions, it does not diminish countervailing rights which may exist independent of such defenses. Consequently, it is my view that the provisions of article 10 do not conflict with the result in the County Trust case.
While I am in complete accord with Justice Gulotta that the purpose of the statute is to protect consumers, I fail to discern any legislative intent that a bank may not, under circumstances such as here present, be permitted to rely upon a completion certificate. The legislative history of the statute does not support the thesis that the lawmakers intended anything other than to preserve certain defenses if the required notice was not given. Since the general purpose of the statute must be gleaned from the plain meaning of the words as written by the Legislature, it is beyond our competence to ascribe to it an intent to repeal case law by implication alone. Although the problem may perhaps warrant further legislative scrutiny, we may not arrogate this function to ourselves in the guise of judicial legislation.
It has been urged by defendants that adherence to the County Trust decision would render compliance by the assignee with section 403 a meaningless gesture and that such a result could not possibly have been contemplated by the Legislature. This argument, however, must lose force upon consideration of the fact that the execution of the completion certificate merely prevents the assertion of the defense of failure of consideration as against an assignee, but does not prevent the assertion of other possible defenses which might be available to the maker. (See Uniform Commercial Code, § 3-305; Personal Property Law, § 403.)
For the reasons stated, and there being no triable issues of fact, the order should be reversed, without costs, and the motion for summary judgment should be granted.